| Matter of Milbank (Archer) |
|:---:|
| 2025 NY Slip Op 31086(U) |
| April 1, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 1986-5452/A |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.

APR 0 1 2025

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------X
In the Matter of the Petition of Jeremiah Milbank, III,
Trustee, to Apply EPTL 11-2.4 to the Trust created
under Agreement dated December 28, 1973, f/b/o
Elizabeth Milbank Archer.

DECISION

File No. 1986-5452/A

-----------------------------------------------------------------------------X

G I N G O L D, S.

      This is an uncontested application by Jeremiah Milbank, III, as Trustee of the 1973 Trust f/b/o Elizabeth Milbank Archer, created under Agreement dated December 28, 1973, as reformed by Decree on December 18, 1986 (Trust), seeking a direction to apply the optional unitrust provisions of EPTL 11-2.4 to the Trust retroactively as of January 1, 2024. The grantor of the Trust is deceased.

      The grantor's daughter, Elizabeth Milbank Archer (Elizabeth), is the sole lifetime income beneficiary of the Trust, and Elizabeth's two children, Hilary Milbank Archer and Andrew Milbank Archer, are the presumptive remainder beneficiaries. Elizabeth and her two children have waived and consented to the requested relief. Pursuant to the terms of the Trust, the contingent remainder beneficiaries are numerous individuals consisting of Elizabeth's other descendants and the grantor's other descendants, and if neither were to exist, a charity. Regardless, the application of the virtual representation provision in SCPA 315 (3) to the unitrust conversion statute EPTL 11-2.4 (e) (3) renders service of process upon contingent remaindermen unnecessary (*Matter of Altschul*, NYLJ, Aug. 12, 2004 at 1, col 1 [Sur Ct, NY County 2004]).

      The Trust's assets are valued at approximately $3.67 million and consist of the following: cash and cash equivalents, U.S. Treasury Bills, improved real property located in Massachusetts, and 143 shares of Cypress Woods Corporation (CWC), a closely held corporation that owns 21,000

1

acres of real property in South Carolina on which it conducts farming and timber operations. The terms of the Trust specifically state that if at any point none of the four trusts created under Agreement dated December 28, 1973, as reformed by Decree on December 18, 1986, which include the subject Trust, contain any shares of CWC stock or property, that the Trust shall terminate upon Elizabeth's death and the trust property shall then be paid outright to the relevant remaindermen. Worthy of note, the Trust authorizes trustees to retain unproductive investments and releases them from the duty of complying with any statutory provisions that could require them to make allocations to income or principal.

Pursuant to EPTL 11-2.4 (e) (2) (B), the court having jurisdiction of a trust to which the unitrust provisions of EPTL 11-2.4 would not otherwise apply, may direct that such section apply upon the petition of the trustee and upon notice to all interested parties. In determining whether EPTL 11-2.4 should apply, the statute provides a list of relevant factors to be considered: (1) the nature, purpose, and expected duration of the trust; (2) the intent of the creator of the trust; (3) the identity and circumstances of the beneficiaries; (4) the needs for liquidity, regularity of payment, and preservation and appreciation of capital; and (5) the nature of the assets held in the trust (EPTL 11-2.4 [e] [5] [A]; *Matter of Ives*, 192 Misc 2d 479 [Sur Ct, Broome County 2002]).

After considering these factors, the court is persuaded that the application of the unitrust provisions of EPTL 11-2.4 to the Trust would be beneficial to all interested parties. Petitioner asserts that the grantor's intent was to provide Elizabeth with an adequate income stream for life as well as to provide for the long-term retention of the real property owned by CWC and of the operations it conducts on that property. Elizabeth, who is approximately 70 years of age and relies substantially on the Trust's income, has expressed her growing need to maximize income and receive consistent, predictable trust distributions. Given her age, the Trust's value, and the

2

[* 2]

propensity of the assets to provide the requisite liquidity, it seems likely that the application of EPTL 11-2.4 would allow Elizabeth to receive regular payments without resulting in rapid depletion of the assets (*Matter of Rubin*, NYLJ, Jan. 24, 2014 at 32 [Sur Ct, NY County 2014]; *Matter of Weisner*, NYLJ, Aug. 27, 2009 at 36, col 6 [Sur Ct, NY County 2009]; *In Re Harkness*, 2005 N.Y. Misc. LEXIS 4415 [Sur Ct, NY County, Nov. 2, 2005]). Moreover, converting the Trust to a unitrust under EPTL 11-2.4 would allow the Trustee to retain the property owned by CWC as a trust asset. Lastly, the petitioner further asserts, and the court agrees, that such a conversion would not affect the time for distribution of the remainder, the identity of the remaindermen, or the nature of the remainder interests.

As to the timing of the unitrust provisions, the court has discretion in determining the effective date of a unitrust conversion when the conversion has been authorized by a court decision (EPTL 11-2.4 [e] [4] [A] [iii]; *Matter of Kruszewski*, 116 AD3d 1288 [3rd Dept 2014]; *Matter of Ives*, at 483). Here, petitioner requests January 1, 2024 and there is no opposition.

Based on the foregoing, as well as on the statutory presumption favoring the application of the unitrust provisions as stated in EPTL 11-2.4 (e) (5) (B), the petition is granted and the optional unitrust provisions of EPTL 11-2.4 shall apply to the Trust retroactively as of January 1, 2024.

The Clerk of the Court shall email a copy of this Decision to counsel for the petitioner at the email address below.

Decree signed.

Dated: April ___1ˢᵗ___, 2025

_____
S U R R O G A T E

3

[* 3]

To:

Caoimhe P. Stafford, Esq.
Seward & Kissel LLP
*Attorneys for Jeremiah Milbank, III, Petitioner*
stafford@sewkis.com

[* 4]